UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| HUDSON BAY MASTER FUND, LTD., | : | 11 Civ. 08432 (JPO)(HBP) |
| Plaintiff, | : | **ECF CASE** |
| -against- | : | |
| GALENA BIOPHARMA, INC. (f/k/a RXI PHARMACEUTICALS CORPORATION), | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| TENOR OPPORTUNITY MASTER FUND, LTD., ARIA OPPORTUNITY FUND, LTD. and PARSOON OPPORTUNITY FUND, LTD., | : | 12 Civ. 00260 (JPO)(HBP) |
| Plaintiffs, | : | **ECF CASE** |
| -against- | : | |
| GALENA BIOPHARMA, INC. (f/k/a RXI PHARMACEUTICALS CORPORATION), | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| CRANSHIRE CAPITAL MASTER FUND, LTD., | : | 12 Civ. 00493 (JPO)(HBP) |
| Plaintiff, | : | **ECF CASE** |
| -against- | : | |
| GALENA BIOPHARMA, INC. (f/k/a RXI PHARMACEUTICALS CORPORATION), | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
IROQUOIS MASTER FUND, LTD.,                :
                                           :  12 Civ. 00839 (JPO)(HBP)
                Plaintiff,                 x
                                           :  ECF CASE
       -against-                           :
                                           :
GALENA BIOPHARMA, INC. (f/k/a RXI          :
PHARMACEUTICALS CORPORATION),              :
                                           :
                Defendant.                 :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**CONSOLIDATED MEMORANDUM OF LAW OF PLAINTIFFS HUDSON BAY MASTER FUND, LTD., TENOR OPPORTUNITY MASTER FUND, LTD., ARIA OPPORTUNITY FUND, LTD., PARSOON OPPORTUNITY FUND, LTD., CRANSHIRE CAPITAL MASTER FUND, LTD., AND IROQUOIS MASTER FUND, LTD. IN SUPPORT OF THEIR JOINT <u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

BUTZEL LONG,
    a professional corporation
Regina Alter (Alter@butzel.com)
Robert Sidorsky (Sidorsky@butzel.com)
380 Madison Avenue
New York, New York 10017
Tel: (212) 818-1110
Fax: (212) 818-0494

*Attorneys for Plaintiffs Hudson Bay Master Fund, Ltd., Tenor Opportunity Master Fund, Ltd., Aria Opportunity Fund, Ltd., Parsoon Opportunity Fund, Ltd., Cranshire Capital Master Fund, Ltd., and Iroquois Master Fund, Ltd.*

## Table of Contents

|  | Page |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **STATEMENT OF FACTS** | 1 |
|    A. The Parties and the Warrants | 1 |
|    B. The Merger and Plaintiffs' Demands For Redemption Under the Warrants | 3 |
| **ARGUMENT** | 5 |
|    A. Standard of Review | 5 |
|    B. Summary Judgment Should be Granted in Plaintiffs' Favor on Count II Because There is No Genuine Issue of Material Fact that There Was a "Fundamental Transaction" When RXi and Galena Merged | 6 |
| **CONCLUSION** | 11 |

# Table of Authorities

**Cases**

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242, (1986) .................................................................................................... 5

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
  448 F.3d 573 (2d Cir. 2006) ........................................................................................ 7

*Carte Blanche (Singapore) PTE., Ltd. v. Diners Club Int'l, Inc.*,
  2 F.3d 24 (2d Cir. 1993) .............................................................................................. 9

*Darby v. Societe des Hotels Meridien*,
  No. 88 Civ. 7604, 1999 WL 459816 (S.D.N.Y. June 29, 1999) ................................ 10

*Furia v. Furia*, 116 A.D.2d 694 1986) ............................................................................ 7

*Innophos, Inc. v. Rhodia, S.A.*,
  10 N.Y.3d 25 (2008) .................................................................................................... 7

*John Doris, Inc. v. Solomon R. Guggenheim Foundation*,
  209 A.D.2d 380 (2d Dep't 1994) ................................................................................. 8

*JP Morgan Chase v. J.H. Elec. of N.Y., Inc.*,
  69 A.D.3d 802 (2d Dep't 2010) ................................................................................... 7

*MSF Holding Ltd. v. Fiduciary Trust Co. Intern.*,
  435 F. Supp. 2d 285 (S.D.N.Y. 2006) ........................................................................ 10

*Nautilus Ins. Co. v. Mathew David Events, Ltd*,
  69 A.D.3d 457 (1st Dep't 2010) ................................................................................... 8

*Terwilliger v. Terwilliger*, 206 F.3d 240 (2d Cir. 2000) ................................................. 8

*Vermont Teddy Bear Co., Inc. v. 538 Madison Realty Co.*,
  1 N.Y.3d 470 (2004) .................................................................................................... 7

**Rules**

Fed. R. Civ. P. 56(c) ......................................................................................................... 5

## PRELIMINARY STATEMENT

Hudson Bay Master Fund, Ltd. ("Hudson Bay"), Tenor Opportunity Master Fund, Ltd., Aria Opportunity Fund, Ltd., Parsoon Opportunity Fund, Ltd. (collectively, "Tenor Funds"), Cranshire Capital Master Fund, Ltd. ("Cranshire"), and Iroquois Master Fund, Ltd. ("Iroquois") (collectively, "Plaintiffs") submit this consolidated Memorandum of Law in support of their joint motion for partial summary judgment with respect to Count II of the Complaints in each of their respective actions against defendant Galena Biopharma, Inc. ("Galena"), f/k/a RXi Pharmaceuticals Corporation ("RXi").

This action arises out of a series of corporate transactions that Galena consummated which are asserted to have triggered anti-dilution remedies in stock warrants purchased by Plaintiffs. Galena refused to honor Plaintiffs' demands for the contractual anti-dilution remedies, and Plaintiffs accordingly filed their respective Complaints seeking damages for breach of the terms of the warrants.

As set forth below, Plaintiffs seek summary judgment with respect to Galena's liability with respect to Count II of the respective Complaints for breach of contract based on the narrowly circumscribed issue of whether the merger between Galena and its former corporate subsidiary constituted a "merger (or consolidation) with or into another person," thereby constituting a "Fundamental Transaction" that triggered Plaintiffs' redemption rights under the warrants.

## STATEMENT OF FACTS

### A. The Parties and the Warrants

"Plaintiffs' Local Rule 56.1 Statement of Material Facts as to Which There is No Genuine Issue to be Tried" has been filed with the instant Motion and is hereby incorporated by reference.

Defendant Galena is a publicly traded biotechnology corporation that is (or was, as explained herein) focused on the development and commercialization of medical treatments using immunotherapy and RNAi-targeted technologies. *See* Affidavit of Robert Sidorsky, sworn to March 26, 2012 ("Sidorsky Aff."), Exs. 6, 8 and 9 (Galena SEC filings) and Exs. 10–12 (Galena Press Releases).[1] Plaintiffs are each investment funds that made significant investments in Galena's predecessor, RXi, in exchange for certain warrants. Each Plaintiff received warrants dated April 20, 2011 ("2011 Warrants"), as reflected in the table below. In addition to the 2011 Warrants, plaintiff Tenor Funds also received warrants dated March 26, 2010 ("2010 Warrants"). Together, the 2010 Warrants and the 2011 Warrants are referenced hereinafter as the "Warrants" and include all of the following:[2]

| Plaintiff | Warrant Information |
|---|---|
| Hudson Bay Master Fund, Ltd. | **1,930,000** Warrants, Issued 4-20-2011. **Ex. 1(A)** |
| Aria Opportunity Fund, Ltd. (Tenor Funds) | **54,000** Warrants, Issued 3-26-2010. **Ex. 2(A)**<br>**582,000** Warrants, Issued 4-20-2011. **Ex. 2(D)** |
| Parsoon Opportunity Fund, Ltd. (Tenor Funds) | **36,000** Warrants, Issued 3-26-2010. **Ex. 2(B)**<br>**134,000** Warrants, Issued 4-20-2011. **Ex. 2(E)** |
| Tenor Opportunity Master Fund, Ltd. (Tenor Funds) | **90,000** Warrants, Issued 3-26-2010. **Ex. 2(C)**<br>**1,224,000** Warrants, Issued 4-20-2011. **Ex. 2(F)** |
| Iroquois Master Fund, Ltd. | **900,000** Warrants, Issued 4-20-2011. **Ex. 3(A)** |
| Cranshire Capital Master Fund, Ltd. | **1,858,518** Warrants, Issued 4-20-2011. **Ex. 4(A) and (B)** |

---

[1] All of the exhibits referenced herein are attached to the Sidorsky Aff.

[2] The Warrants are appended to the Complaints, which are attached as Exhibits 1–4 to the Sidorsky Aff.

2

The Warrants contain anti-dilution provisions, including Section 3(e) of the Warrants, which explicitly allow Plaintiffs to redeem their Warrants for cash if RXi (now Galena) engages in certain "Fundamental Transactions" (as defined in the Warrants), including if RXi, "directly or indirectly, in one or more related transactions, effects any *merger or consolidation* of the Company with or into another Person" (emphasis added). Exs. 1(A), 2(A)-(F), 3(A), and 4(A)-(B) (Warrants, Section 3(e)).

The "Company" is defined by the parties in the Warrants as "RXi Pharmaceuticals Corporation, a Delaware Corporation." *Id.* Subsidiaries or other related corporations are not included in the definition of the "Company." "Person" is not a defined term in the 2011 Warrants, but is broadly defined in Article I, Section 1.1 of the Securities Purchase Agreement, dated March 23, 2010 (which is incorporated by reference in the 2010 Warrants and sets forth the definitions for capitalized terms contained in the 2010 Warrants) as "an individual or corporation, partnership, trust, incorporated or unincorporated association, joint venture, limited liability company, joint stock company, government (or an agency or subdivision thereof) or other entity of any kind." Ex. 7 (Form FWP filed with SEC on March 23, 2010, attaching Securities Purchase Agreement as Annex A).

**B.  The Merger and Plaintiffs' Demands For Redemption Under the Warrants**

In the years leading up to Plaintiffs' investment in RXi, RXi was a self-described "biopharmaceutical company pursuing proprietary therapeutics based on RNA interference, or 'RNAi', a naturally occurring cellular mechanism that has the potential to effectively and selectively interfere with, or 'silence', expression of targeted disease-associated genes." Ex. 6 (excerpts from 10-K filed with SEC in March 2010). Immediately prior to issuance of the 2011 Warrants, RXi first branched into oncology when it acquired a company that was working on

cancer vaccines. *See* Ex. 8 (excerpts from 8-K filed September 2011); Exs. 9 and 10 (Press Releases).

Near the end of September 2011, several months after Plaintiffs received their Warrants containing the Fundamental Transaction provision (Section 3(e) of each Warrant), RXi merged with its wholly-owned subsidiary, Galena Biopharma, Inc. Ex. 5 (Certificate of Ownership and Merger Merging Galena Biopharma, Inc. (a Delaware corporation) With and Into RXi Pharmaceuticals Corporation (a Delaware corporation)); Ex. 8 (excerpts from 8-K filed September 2011). Although RXi was the surviving entity, it changed its name to that of the subsidiary it had engulfed in the merger (Galena) and formed a *new* subsidiary named RXi. *Id.* The merger was memorialized by Galena (f/k/a RXi) in an unambiguously-titled "Certificate of Ownership and Merger Merging Galena Biopharma, Inc. (a Delaware corporation) With and Into RXi Pharmaceuticals Corporation (a Delaware corporation)" filed with the Delaware Secretary of State. Ex. 5. This merger certificate further specified that Galena, as the "surviving corporation," would "possess all of the [former] Subsidiary's property, rights, privileges and powers, and assume all of the Subsidiary's liabilities and obligations." *Id.*

After learning of the merger, Plaintiffs demanded that Galena (f/k/a RXi) honor the redemption provisions set forth in Section 3(e) of the Warrants. Exs. 1(E), 2(J), 3(C), 3(E), 3(G), 4(E) and 4(G) (correspondence from Plaintiffs to Galena).[3] Galena refused, contending that its merger did not "directly or indirectly, in one or more related transactions, effect any merger or consolidation of the Company with or into another Person". Exs. 1(F), 2(K), 3(D), 3(F), 3(H), 4(F) and 4(H) (correspondence from Galena to Plaintiffs).

---

[3] Plaintiffs have since partially revoked their redemption demands. However, each Plaintiff has retained in excess of $75,000 worth of Warrants that remain subject to the redemption demands and are at issue in Count II of the respective Complaints.

4

Thus, Galena apparently takes the position that it somehow merged or combined with itself, notwithstanding the well-established and basic legal principle that a corporate parent and its subsidiary are distinct legal persons. Plaintiffs assert that Galena's refusal to redeem the Warrants pursuant to Plaintiffs' demand following the merger was a breach of the Warrants.[4]

By letter dated February 13, 2012, plaintiffs' counsel wrote to the Court requesting leave to file this joint motion for partial summary judgment with respect to the resolution of the determinative legal issue of whether the merger of RXi and Galena "directly or indirectly . . . effect[ed] any merger or consolidation of [RXi] with or into another Person." The Court subsequently granted Plaintiffs leave to file this motion at the pre-motion conference held on March 6, 2012.

## ARGUMENT

### A.     Standard of Review

A motion for summary judgment under Rule 56 should be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party opposing a motion for summary judgment must affirmatively demonstrate that there is a disputed issue of fact which is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

---

[4] As it turns out, RXi's merger with its former subsidiary Galena was the first step in the company's recently-publicized master plan to split Galena into two pieces and to divest itself of its current core business. *See* Ex. 8 (excerpts from 8-K filed with the SEC in September 2011) and Ex. 12 (Press Release dated September 26, 2011). As part of this plan, the newly-formed Galena is expected to spin-off the long-time core (and arguably most valuable) portion of the company that focuses on development of RNAi-based therapies, including all of the company's RNAi assets, while the remaining portion of Galena will focus only on oncology therapies—the business recently acquired by RXi in April 2011. *Id.* That action will breach additional portions of the Warrants and is the subject of additional claims in the pending lawsuits, but those issues are outside the scope of this joint motion.

A material fact is one "which might affect the outcome of the suit under the governing law." *Id.* at 248. In other words, "[f]actual disputes that are irrelevant or unnecessary will not be counted" in considering whether a motion for summary judgment should be granted. *Id.* Even if a fact is material, summary judgment should be granted unless there is a genuine dispute about the fact; that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.

*Id.* at 248–50 (internal citations omitted).

Here, there is no genuine issue of material fact regarding the key facts (the investments, the terms that appear on the face of the Warrants, the demand for redemption by Plaintiffs, and Galena's refusal to redeem). Liability therefore boils down to the contractual issue of whether a merger between a parent corporation and a subsidiary corporation, documented by a Certificate of Ownership and Merger, is a merger (or consolidation) with or into another person? In other words, was the Galena/RXi merger a merger (or consolidation) between two persons so as to constitute a Fundamental Transaction for purposes of the Warrants? As discussed below, the answer to this question must clearly be yes, and it necessarily follows that Galena breached the Warrants as a matter of law and summary judgment against it and in favor of Plaintiffs is appropriate.

### B. Summary Judgment Should be Granted in Plaintiffs' Favor on Count II Because There Is No Genuine Issue of Material Fact that There Was a "Fundamental Transaction" When RXi and Galena Merged

Pursuant to Section 5(g) of the Warrants, "[a]ll questions concerning the construction, validity, enforcement and interpretation of th[e] Warrant[s] shall be determined in accordance

6

with the laws of the State of New York." Exs. 1(A), 2(A)–(F), 3(A), and 4(A)–(B). Under New York law, in order to prevail on a breach of contract claim a plaintiff must establish: (1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages.[5] *See JP Morgan Chase v. J.H. Elec. of N.Y., Inc.*, 69 A.D.3d 802, 803 (2d Dep't 2010); *Furia v. Furia*, 116 A.D.2d 694, 695 (2d Dep't 1986). In this case, in a nutshell, Plaintiffs fully and properly performed their obligations under the Warrants, Galena breached the Warrants by failing to redeem as required following the merger, which constituted Fundamental Transaction under the Warrants, thereby damaging Plaintiffs in an amount to be determined.

Under New York law, "the fundamental, neutral precept of contract interpretation is that agreements are construed in accordance with the parties' intent, and that the best evidence of what parties to a written agreement intend is what they say in their writing." *Innophos, Inc. v. Rhodia, S.A.*, 10 N.Y.3d 25, 29 (2008) (internal citations omitted). Where, as here, a contract is negotiated by sophisticated parties at arm's length:

> [C]ourts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include. Hence, courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing.

*Vermont Teddy Bear Co., Inc. v. 538 Madison Realty Co.*, 1 N.Y.3d 470, 475 (2004) (*internal citations omitted*); *see also Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J.,*

---

[5] Damages will include the redemption value pursuant to the Warrants as well as reasonable attorneys' fees, pursuant to Section 5(i) of the Warrants which provides in relevant part that:

> "[I]f the Company willfully and knowingly fails to comply with any provision of this Warrant, which results in any material damages to the Holder, the Company shall pay to Holder such amounts as shall be sufficient to cover any costs and expenses, including, but not limited to, reasonable attorneys' fees, including those of appellate proceedings, incurred by Holder in collecting any amounts due pursuant hereto or in otherwise enforcing any of its rights, powers or remedies hereunder."

*Inc.*, 448 F.3d 573, 580 (2d Cir. 2006) ("Under New York law, [c]ourt[s] must enforce contract provisions clearly expressing parties' intent.") (internal citation omitted); *Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000) ("A court may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case.") (internal citations omitted); *John Doris, Inc. v. Solomon R. Guggenheim Foundation*, 209 A.D.2d 380, 381 (2d Dep't 1994) ("The language of the contract is clear and unambiguous, and the courts may not rewrite the agreement to relieve a sophisticated contracting party from terms that it later deems disadvantageous.").

Here, the parties defined a "Fundamental Transaction" as any transaction through which RXi "directly or indirectly, in one or more related transactions, effects any merger or consolidation of the Company with or into another Person." Section 3(e) of Exs. 1(A), 2(A)–(F), 3(A) and 4(A)–(B).

"The Company" is defined in the Warrants as "RXi Pharmaceuticals Corporation, a Delaware Corporation." Had the parties intended the definition of "Company" to include RXi's subsidiaries, the parties would have drafted the definition as "RXi Pharmaceuticals Corporation, a Delaware Corporation, *and its subsidiaries*." However, that is *not* what the parties contracted for and thus cannot justify Galena's refusal to redeem the Warrants following its "merger or consolidation." *See, e.g., John Doris, Inc.*, 209 A.D.2d at 381; *Nautilus Ins. Co. v. Mathew David Events, Ltd.*, 69 A.D.3d 457, 460 (1st Dep't 2010) ("It is a well settled principle of contract law that a court should not adopt a construction of a contract 'which will operate to leave a provision of a contract . . . without force and effect. An interpretation that gives effect to

8

all the terms of an agreement is preferable to one that ignores terms or accords them an unreasonable interpretation.'") (internal citations omitted).

"Person" is not a defined term in the 2011 Warrants, but the term is defined very broadly in Article I, Section 1.1 of the Securities Purchase Agreement, dated March 23, 2010 (incorporated by reference into the 2010 Warrants) as "an individual *or corporation*, partnership, trust, incorporated or unincorporated association, joint venture, limited liability company, joint stock company, government (or an agency or subdivision thereof) *or other entity of any kind*." Ex. 7 (emphasis added). Clearly a parent corporation and a subsidiary corporation, even if related, *each* fall into this broad definition of "Person."

When the definitions of "Company" and "Person" are plugged into the Fundamental Transaction language from the Warrants, the fallacy of Galena's contention becomes perfectly clear. It is at odds with both contractual definitions. Galena is left with the untenable argument that the merger between the parent corporation RXi and the subsidiary corporation Galena (with the surviving entity taking the name Galena) did not "directly or indirectly, in one or more related transactions, effect any merger or consolidation of the Company [defined as 'RXi Pharmaceuticals Corporation, a Delaware Corporation'] with or into another Person [defined as 'an individual or corporation . . . or other entity of any kind']."

Not only does Galena's position ignore the explicit definition of "Company" set forth in the Warrants, but it is also contrary to the plain meaning of what constitutes a "merger" or "consolidation." Merriam-Webster defines "merge" as "to become combined into one" and defines "consolidate" as "to join together into one whole." Thus, the very definitions of the words "merger" and "consolidation" require more than one entity.

Furthermore, Galena's position also ignores the bedrock legal principle that parents and subsidiaries are separate and distinct legal entities or persons. *See Carte Blanche (Singapore) PTE., Ltd. v. Diners Club Int'l, Inc.*, 2 F.3d 24, 26 (2d Cir. 1993) ("[g]enerally speaking, a parent corporation and its subsidiary are regarded as legally distinct entities...."); *Darby v. Societe des Hotels Meridien*, No. 88 Civ. 7604, 1999 WL 459816, at *5 (S.D.N.Y. June 29, 1999) (same); *MSF Holding Ltd. v. Fiduciary Trust Co. Intern.*, 435 F. Supp. 2d 285, 303 (S.D.N.Y. 2006) (collecting New York cases).

The "Merger Merging Galena Biopharma, Inc. With and Into RXi Pharmaceuticals Corporation," as encapsulated in the title to the merger certificate filed with the Delaware Secretary of State was exactly that—a merger of two legal persons. Accordingly, Plaintiffs are entitled to summary judgment with respect to the liability of Galena on Count II of the Complaints (Breach of Contract – Damages With Respect to the Fundamental Transaction) as a matter of law.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court enter summary judgment in favor of Plaintiffs on the Second Cause of Action of each Complaint respectively and order defendant Galena to make the cash redemption as required pursuant to the Warrants in the event of a Fundamental Transaction.

Dated: New York, New York
March 26, 2012

        Respectfully submitted,

        BUTZEL LONG, a professional corporation

        By:    /s/ Robert Sidorsky
               Regina Alter
               Robert Sidorsky
               380 Madison Avenue
               New York, New York 10017
               Tel: (212) 818-1110
               Fax: (212) 818-0494
               Alter@butzel.com
               Sidorsky@butzel.com

*Attorneys for Plaintiffs Hudson Bay Master Fund, Ltd., Tenor Opportunity Master Fund, Ltd., Aria Opportunity Fund, Ltd., Parsoon Opportunity Fund, Ltd., Cranshire Capital Master Fund, Ltd., and Iroquois Master Fund, Ltd.*